UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CECILIO I. TREVINO, III and<br>AARON J. PERETTI, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | CASE NO. 3:18-cv-00271-PPS-MGG |
| BREMEN CASTINGS INC., | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER

The Court held a Fairness Hearing in this matter and a hearing on the parties' Joint Motion for Final Approval of Class Action and FLSA Collective Action Settlement Agreement [DE 40] and Motion for Final Approval of Class Counsels' Attorney's Fees [DE 48] on October 10, 2019. Plaintiffs Cecilio I. Trevino III and Aaron J. Peretti were present by counsel Robert P. Kondras, Jr. and Robert J. Hunt. Defendant Bremen Castings, Inc. was present by counsel James F. Groves.

The settlement in this matter encompassed claims brought as a collective action under the Fair Labor Standards Act ("FLSA"), and brought as Fed. R. Civ. P. 23 class action claims under the Indiana Wage Payment Statute ("IWPS"). The parties presented argument regarding final approval of the settlement, including the number of class members who submitted FLSA opt-in claim forms, details regarding the payments that will be made to members of the collective action and the class actions, and the amount of attorneys' fees and costs sought by the Plaintiffs' counsel. Plaintiffs' counsel moved

1

for final approval of the Settlement Agreement. For the reasons set forth below, the Court **GRANTS** the Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees [DE 48], and **GRANTS** Final Approval of the Settlement Agreement, which was preliminarily approved on June 27, 2019 [DE 42].

**FINAL APPROVAL OF THE PARTIES' FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION SETTLEMENT AGREEMENT IS GRANTED, AND THE COURT ISSUES THE FOLLOWING ORDERS:**

1. Any terms not defined herein shall have the meanings set forth in the Class Action and FLSA Collective Action Settlement Agreement.

2. The Court approves the Class Action and FLSA Collective Action Settlement Agreement as within the range of possible approval by this Court, and as fair, reasonable, and adequate to the Settlement Class under the circumstances of this case. Notice of the settlement was mailed to all potential participants. No objections were made to the settlement and only one class member chose to opt out of the settlement.

3. For the sole purpose of administering the proposed settlement reflected in the Class Action portion of the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, the Court certifies the Rule 23(b)(3) Settlement Class, which is defined as follows:

> **All present hourly paid BCI employees and former hourly paid BCI employees who voluntarily terminated their employment, who worked at any time from April 17, 2016 through January 31, 2019. (The "Class Members.")**

Excluded from the Rule 23 Settlement Class is the one individual who timely opted-out of the Settlement Class. The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the Class Action Settlement Agreement, Robbins and Peretti as class representatives and the following counsel as Class Counsel: Robert J. Hunt of The Law Office of Robert J. Hunt, LLC of Carmel, Indiana; and Robert P. Kondras, Jr. of Hassler Kondras & Miller LLP of Terre Haute, Indiana.

4. For the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action portion of the Settlement Agreement, pursuant to 29 USC § 216(b), the Court certifies the FLSA Collective Action Settlement Class, which is defined as follows:

> **Former hourly paid BCI employees who were involuntarily terminated from employment who worked at any time from April 17, 2016 through January 31, 2019. (The "FLSA Collective Action Settlement Class.")**

The FLSA Collective Action Settlement Class includes the fifty-four (54) individuals who timely filed written consents and opted in to the settlement [DE 52]. The Court further appoints, again for the sole purpose of administering the proposed settlement reflected in the FLSA Collective Action Settlement Agreement, Plaintiffs Trevino, Robbins and Peretti as class representatives and the following counsel as FLSA Class Counsel: Robert J. Hunt of The Law Office of Robert J. Hunt, LLC of Carmel, Indiana; and Robert P. Kondras, Jr. of Hassler Kondras Miller LLP of Terre Haute, Indiana.

5.      **Attorney Fee Award**.  The Court approves Plaintiffs' Counsels' combined attorney's fees of One Hundred Five Thousand Dollars ($105,000.00), which is one-third (33 1/3%) of the Gross Settlement Fund of Three Hundred Fifteen Thousand Dollars ($315,000).  The Court further approves reimbursement to Class Counsel's attorneys of expenses and costs, which costs shall include the costs of mailing three sets of checks to participating class members under the terms of the settlement.  The Court caps the expenses, costs and class administration costs (primarily mailing costs of checks) at Ten Thousand Dollars ($10,000.00).  Any additional class administration costs will be borne by Plaintiffs' counsel.  Plaintiffs were represented by Robert J. Hunt of the Law Office of Robert J. Hunt, LLC of Carmel, Indiana and Robert P. Kondras, Jr. of Hassler Kondras Miller LLP of Terre Haute, Indiana.  The fees are reasonable, as one-third of the overall settlement, but also because the combined attorneys' fee of One Hundred Five Thousand Dollars ($105,000.00) was far less than the combined lodestar-based fees (based upon itemized bills) the two law firms had in this litigation.  The fees were compromised as part of the negotiation of this settlement.  Consistent with the parties' agreement reached in January 2019, attorney's fees and payments shall be made in three installments.  Installment No. 1 shall be paid within ten (10) days of the Court's final approval of the settlement agreement in the sum of Forty-Five Thousand Dollars ($45,000.00), representing a payment of Thirty-Five Thousand Dollars ($35,000.00) in attorney's fees and Ten Thousand Dollars from the Fund to pay case expenses, costs

and the costs of class administration. Installment No. 2 shall be paid on or before January 29, 2020 in the sum of Thirty-Five Thousand Dollars ($35,000.00), representing a second payment toward attorney's fees. Installment No. 3, the final installment, shall be paid on or before July 29, 2020 in the sum of Thirty-Five Thousand Dollars ($35,000.00), representing the third and final payment toward attorney's fees.

6. **Service Awards to Lead Plaintiffs**. The Court grants final approval of the agreed-upon service awards to lead plaintiffs Cecilio I. Trevino III ($15,000.00 total), Aaron J. Peretti ($15,000.00 total) and Branden Robbins ($1,000.00 total). Payments shall be made in installments as follows: Installment No. 1 shall be paid within ten (10) days of the Court's final approval of the settlement agreement in with a payment of $5,000.00 to Cecilio I. Trevino III, a payment of $5,000.00 to Aaron J. Peretti and a payment of $1,000.00 to Branden Robbins. Installment No. 2 shall be paid on or before January 29, 2020 with a payment of a payment of $5,000.00 to Cecilio I. Trevino III, a payment of $5,000.00 to Aaron J. Peretti. Installment No. 3, the final installment, shall be paid on or before July 29, 2020 with a payment of $5,000.00 to Cecilio I. Trevino III, a payment of $5,000.00 to Aaron J. Peretti.

7. **Settlement Payments to Participating Class Members in Three Installments**. Combining Rule 23 Class Members (581) and FLSA Opt-In Plaintiffs (54), the total participating Plaintiffs in the settlement are 635. From a Net Settlement Fund of

$169,000.00, the 635 participating plaintiffs shall each be paid a combined total of $266.13 in three installments as follows:

    a. Within thirty (30) days of the Court's final approval of the settlement agreement, each participating plaintiff will be mailed a check for $69.29 from a net fund of $44,000.00;

    b. Installment No. 2 shall be paid on or after January 29, 2020, with each participating plaintiff receiving a check for $86.61 from a net fund of $55,000.00.

    c. Installment No. 3, the final installment, shall be paid on or after July 29, 2020, with each participating plaintiff receiving a check for $110.23 from a net fund of $70,000.00.

By the deadlines set herein, Defendant Bremen Castings, Inc. shall mail a check for the net funds needed to cover each installment payment to Hassler Kondras Miller LLP. Those funds will be deposited in trust and the checks to participating plaintiffs will be written and mailed as expeditiously as is possible.

    8. **FLSA collective Action settlement agreements must be approved by the Court.** 29 U.S.C. § 216(b)-(c); see also *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which are undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate

recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010) (quotation omitted). The Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (quotation omitted). The following factors should be considered:

> (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Settlement Agreement and the Plan of Allocation, and considering the information presented by counsel at the hearing, the Court finds the settlement in this matter was reached in good faith and at arm's length, and

is a reasonable compromise of the vigorously disputed issues in this case. Along with findings made on the record, the Court notes the following:

- Plaintiffs' counsel was diligent, and used all reasonable efforts, in attempting to locate class members;

- The response rate to the notices that were sent to the FLSA collective action members and the Rule 23 class members indicates that the method of notice was effective;

- No individuals filed objections to settlement;

- The total settlement amount paid was the result of extensive negotiations between the parties, and the average amount is reasonably close to the maximum average amount each individual could obtain if the cases were litigated individually;

- The fees and costs Plaintiffs' counsel will receive under the Settlement Agreement are consistent with the contract between Plaintiffs' counsel and his clients and are fair and reasonable, based on the amount of work counsel undertook in this litigation, a reasonable hourly rate, and the amount of fees and costs actually incurred;

- The parties have negotiated the amount of attorneys' fees, so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")).

In sum, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees [DE 48], and gives **FINAL APPROVAL** of the Parties'

Settlement Agreement as a fair and reasonable compromise of a bona fide dispute. This matter is **DISMISSED WITH PREJUDICE** and without fees, costs or disbursements to any party, except as provided in the Settlement Agreement as to Plaintiffs' counsel fees and costs. Final judgment shall enter accordingly. Payments to class members under the Settlement Agreement and this Order shall commence in a manner consistent with this Order's deadlines.

SO ORDERED.

ENTERED: October 15, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT